IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID SILVAS and SANDRA SILVAS, individually and As Next Friend of DYLAN SILVAS and DYLAN SILVAS, individually, <br><br> Plaintiffs, <br><br> vs. <br><br> ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE CO., <br><br> Defendant. | Case No. __4:15-cv-3249__ <br><br> (formerly District Court of Harris County, Texas – Case No. 2015-56482) |

## NOTICE OF REMOVAL

Defendant Anthem Blue Cross Life & Health Insurance Co. ("Defendant"), by and through its undersigned attorneys, hereby respectfully remove Case No. 2015-56482 (the "Action") from the District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§1331, 1441, and 1446. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because Plaintiffs' Complaint alleges a cause of action that arises under, and is completely preempted by, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 *et seq.* ("ERISA"). In support of this Notice of Removal, Defendant states the following:

### REMOVAL JURISDICTION

1. On September 22, 2015, Plaintiffs David Silvas, Sandra Silvas, individually and as Next Friend of Dylan Silvas, and Dylan Silvas, individually, (collectively, "Plaintiffs"), filed an original petition (the "Petition") in the District Court of Harris County, Texas, Case No. 2015-56482. The Petition contains purported causes of action for breach of contract, violations of the

Texas Insurance Code § 541.000 *et seq.*, violations of the Deceptive Trade Practices Act, negligence, and breach of good faith and fair dealing.

2.  Defendants were served with a citation and the Petition from the Secretary of State of Texas on October 5, 2015.  True and correct copies of the citation and Petition are attached hereto.  (*See* Index to Notice of Removal, filed concurrently herewith, ("Index") at Exhibit 1).

3.  Plaintiff did not assert a demand for jury trial in the Petition or in any other pleadings filed in the Action.

## REMOVAL JURISDICTION

4.  This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331. Defendant hereby removes this action to this Court pursuant to 28 U.S.C. § 1441 because Plaintiffs' Petition seeks to recover benefits pursuant to the terms of a self-funded Group Health Plan governed by ERISA.  Specifically, Paragraphs 5 and 7 of the Petition, which are incorporated into every cause of action alleged by Plaintiff, state the following:

- David Silvas is the policy holder of a medical plan issued by Defendant through his employer.  Dylan Silvas is the son of David Silvas and is listed on the medical plan issued by Defendant as a covered dependent.  [Ex. 1 (Petition) at ¶ 5.]

- Claims were submitted from Sundance to Anthem Blue Cross from July 1, 2013 through May 31, 2014.  [Ex. 1 (Petition) at ¶ 7.]

5.  Based on these allegations, Plaintiffs' Breach of Contract cause of action alleges that Defendant breached its obligation under a "medical insurance agreement" to cover and pay the claims submitted by Plaintiffs. [*Id.* at ¶¶ 11-12.]  The "medical insurance agreement" that Plaintiffs' Breach of Contract action is predicated upon is an ERISA-governed self-funded

Group Health Plan. [Declaration of Kathi Loppnow ("Loppnow Decl."), ¶ 2.] Plaintiffs' Breach of Contract cause of action is therefore completely preempted by 29 U.S.C. § 1132(a) because it seeks the payment of benefits allegedly due pursuant to the terms of a self-funded Group Health Plan governed by ERISA. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987) (holding that state common law claims seeking recovery of ERISA benefits are completely preempted by 29 U.S.C. § 1132(a)).[1]  Accordingly, this Court has subject matter jurisdiction over this case. 28 U.S.C. § 1331; 29 U.S.C. §§ 1132(a), 1144.

## SUPPLEMENTAL JURISDICTION

6. To the extent that Plaintiff has alleged a state law claim that is not completely preempted by 29 U.S.C. 1132(a), this Court has supplemental jurisdiction over any such claims, as they "are so related to claims in the action" within the original jurisdiction of the Court "that they form part of the same case or controversy…" 28 U.S.C. § 1367(a). Convenience, judicial economy and the risk of inconsistent rulings support litigating all of Plaintiff's claims in a single forum.[2]

---

[1] Although the Petition does not specifically reference ERISA, ERISA nevertheless completely preempts Plaintiffs' Breach of Contract cause of action pursuant to 29 U.S.C. § 1132(a). *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-208 (2004) (stating an exception to the well-pleaded complaint rule where "a federal statute wholly displaces the state-law cause of action through complete pre-emption" and noting that "ERISA is one of these statutes") (quotation marks omitted).

[2] While Plaintiffs' Breach of Contract cause of action expressly seeks to recover benefits pursuant to the terms of ERISA-governed Group Health Plan, Defendant notes that the other causes of action in the Petition, even though styled as claims arising under state law, are preempted by 29 U.S.C. § 1132(a). In the Petition, Plaintiffs have premised each of its claims on Defendant's alleged failure to "honor and pay" for claims under the ERISA-governed plan. [*See, e.g.,* Ex. 1 (Petition), ¶¶ 10, 12, 14, 16-18, 20-22, 26-28.] Significantly, a state law claim is completely preempted by 29 U.S.C. § 1132(a) where, as here, "interpretation of the terms of [the] benefit plan forms an essential part" of the claim, and legal liability can exist "only because

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

7. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, true and correct copies of all process, pleadings, orders, and docket sheets, as well as an index of matters being filed and list of counsel of record are being filed with this Notice of Removal.

8. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Plaintiffs served the Petition on Defendant by certified mail, which Defendant received on October 5, 2015. Therefore, Defendant has until November 4, 2015, to remove the case to federal court.

9. Venue is proper under 28 U.S.C. § 1446(a), which provides for removal of any civil action to the federal district court for the district and division embracing the place where the action is pending. Venue lies in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. §§ 1391 and 1441(a), because the Action was filed within this district, and this is the district in which a substantial part of the events or omissions giving rise to the purported claims occurred.

10. Defendant is filing with the Clerk of the State Court in which the Action is currently pending a Notice to State Court and Adverse Parties of Removal, together with this Notice of Removal and supporting documents, pursuant to 28 U.S.C. § 1446(d). Copies of the Notice to State Court and Adverse Parties of Removal together with this Notice of Removal are being served on Plaintiff pursuant to 28 U.S.C. § 1446(d).

---

of [the] administration of ERISA-regulated benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 213 (2004).

## **CONCLUSION**

11. Due to the foregoing, Defendants have met the requirements for removal of this Action under 28 U.S.C. §§ 1331, 1441, and 1446, and, accordingly, the case must now be removed to this Court.

12. This Notice of Removal is filed subject to and with full reservation of rights. No admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, motions, and pleas are expressly reserved.

Dated:  November 4, 2015

Respectfully submitted,

FOLEY & LARDNER LLP

By: */s/ Eileen R. Ridley*
    Eileen R. Ridley, Attorney-in Charge
    Southern District of Texas Bar No.
    18910
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone: 415-434-4484
Facsimile:  415-434-4507

FOLEY & LARDNER LLP
    Kimberly A. Klinsport
    Texas Bar No. 24096073
    (Admission to Southern District of
    Texas pending)
555 South Flower Street, Suite 3500
Los Angeles, CA 90071-2411
Telephone: 213-972-4500
Facsimile: 213-486-0065

ATTORNEYS FOR DEFENDANT ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE CO.

## **CERTIFICATE OF SERVICE**

I, Eileen R. Ridley, an attorney, hereby certify that on November 4, 2015, I caused a copy of the foregoing NOTICE OF REMOVAL to be served on the interested parties by causing a copy of this document to be personally served on the parties listed below by U.S. Mail:

    W. Bradford Hill, Jr.
    Hill & Finkel, LLP
    602 Sawyer, Suite 450
    Houston, TX  77007
    Telephone:  713.654.4004
    Facsimile:  713.654.4028
    Email:  bhill@hillfinkel.com

    */s/ Eileen R. Ridley*

    Eileen R. Ridley

4850-9745-4634.3