# EXHIBIT 1

**EXHIBIT 1**

**CERTIFIED MAIL BY CONSTABLE**

CAUSE NO. 201556482

RECEIPT NO.  75.00   CO1
*********   TR # 73171479

PLAINTIFF: SILVAS, DAVID (INDIVIDUALLY AND AS NEXT FRIEND OF   In The 234th
vs.   Judicial District Court
DEFENDANT: ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE CO   of Harris County, Texas
234TH DISTRICT COURT
Houston, TX

CITATION
THE STATE OF TEXAS
County of Harris

TO: ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE CO BY SERVING ITS REGISTERED  SEP 2 8 2015
AGENT CT CORPORATION SYSTEM
818 WEST SEVENTH ST   LOS ANGELES CA 90017    Delivery this ___ day of ___, 20__
ALAN ROSEN, Constable
Precinct #1, Harris County
By _____
Deputy

Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 22nd day of September, 2015, in the above cited cause number
and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
   This citation was issued on 23rd day of September, 2015, under my hand and
seal of said Court.

Issued at request of:   CHRIS DANIEL, District Clerk
HILL, W. BRADFORD JR.   Harris County, Texas
602 SAWYER STE #450   201 Caroline   Houston, Texas 77002
HOUSTON, TX 77007   (P.O. Box 4651, Houston, Texas 77210)
Tel: (713) 654-4004
Bar No.: 9656200   GENERATED BY: FRANKLIN, KRYSTAL GA   Q8I//10199548

---

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ____ .M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock _____.M., on the ____ day of _____,

_____, by delivering to _____ defendant, in person, a
true copy of this Citation together with the accompanying _____ copy(ies) of the
Petition
attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

Fee: $_____

_____ of _____ County, Texas

By _____
Affiant   Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared . After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

_____
Notary Public

N.INT.CITR.P

## 2015-56482 / Court: 234

9/22/2015 2:25:11 PM
Chris Daniel - District Clerk Harris County
Envelope No. 7038140
By: Krystal Franklin
Filed: 9/22/2015 2:25:11 PM

CAUSE NO. _____

| | | |
|---|---|---|
| DAVID SILVAS and | § | IN THE DISTRICT COURT OF |
| SANDRA SILVAS, Individually and | § | |
| As Next Friend of DYLAN SILVAS | § | |
| and DYLAN SILVAS, Individually | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ANTHEM BLUE CROSS LIFE & | § | |
| HEALTH INSURANCE CO. | § | _____ JUDICIAL DISTRICT |

### PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DAVID SILVAS and SANDRA SILVAS, Individually and as Next Friend of Dylan Silvas and DYLAN SILVAS, Individually (hereinafter referred to as "Plaintiffs") and file this their Original Petition against ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE CO. (hereinafter referred to as "Anthem Blue Cross" and/or "Defendant"), and for cause of action would respectfully show unto the Court as follows:

**I.**

1. Discovery in this case should be conducted under Level 3, pursuant to Rule 190.4, Texas Rules of Civil Procedure.

**II.**

**PARTIES**

2. Plaintiffs reside in Harris County, Texas.

3. ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE CO. is a health insurance doing business in the State of Texas by providing health care coverage to residents of this state. Defendant may be served with process by serving its registered agent, CT Corporation System, 818 West Seventh St., Los Angeles, California 90017.

## III.

## VENUE

4.  Venue is proper in Harris County, Texas, pursuant to Sections 15.002 and 15.032 of the TEXAS CIVIL PRACTICE & REMEDIES CODE, in that Plaintiffs reside in Harris County.

## IV.

## BACKGROUND INFORMATION

5.  David Silvas is the policy holder of a medical plan issued by Defendant through his employer. Dylan Silvas is the son of David Silvas and is listed on the medical plan issued by Defendant as a covered dependent.

6.  Beginning in January 2013 through May 2013, Plaintiff Dylan Silvas became depressed, withdrawn, aggressive towards his parents, showing signs of destructive behavior, having anxiety attacks and failing in school. David and Sandra Silvas searched for answers for their son and found Sundance Canyon Academy ("Sundance") in Utah. After visiting Sundance, Plaintiffs came to the conclusion that this was the best place for Dylan Silvas to receive the care and treatment that he needed. Sundance had therapists and counselors that could help Dylan Silvas with the issues that he was dealing with and learn how to manage his anger and overcome his anxiety and depression. Sundance was an inpatient treatment center. On or about June 30, 2013, Dylan Silvas, a minor, was admitted to Sundance.

7.  Claims were submitted from Sundance to Anthem Blue Cross from July 1, 2013 thru May 31, 2014. All of the claims during this time frame were approved and paid by Anthem Blue Cross, except for three claims: October 1-15, 2013, April 1-15, 2014 and April 16-30, 2014. These claims were each in the amount of $7,500.00 and represented the cost of treatment and services identical to those which were approved on every other occasion. Plaintiffs have paid these claims

to Sundance. These three claims were denied without explanation, other than "not medically necessary". The claim of April 16-30, 2014 was originally paid on June 13, 2015 (more than a year later). On July 24, 2015 (more than thirty days after the payment was made to Plaintiffs), an explanation of benefit was sent to Plaintiffs from Anthem Blue Cross advising that the claim was paid in error along with a letter requesting that the money be refunded back to Anthem Blue Cross. Anthem Blue Cross has since turned this claim over to a collection agency demanding the money be refunded.

8. During the time frame of July 1, 2013 through the April, 2014, Dylan Silvas gradually improved, but was not ready to be sent home. Dylan Silvas returned home on May 31, 2014. Medical records and statements from his therapists and counselors were provided to Anthem Blue Cross on multiple occasions confirming his need for medical care. Anthem Blue Cross on multiple occasions claimed that they had not received the records or statements from Sundance, even though there were multiple confirmations that they had in fact received the requested documents. Numerous phone calls were made to Anthem Blue Cross regarding these claims and each time Plaintiffs were given different instructions on how to get the claims paid, but again and again the claims were denied without explanation. Plaintiffs also filed an appeal and a second appeal on the above three claims, but they were again denied, again without explanation.

9. There was and is no justifiable basis for denial of payment for these claims, when all other claims from July 1, 2013 through May 31, 2014 were paid.

V.

### BREACH OF CONTRACT

10. Plaintiffs incorporate paragraphs 5 through 9, as hereinabove alleged.

11. At all times material to this cause, Plaintiffs had a medical insurance agreement, constituting a contract, with Anthem Blue Cross. At all times material to this cause, this insurance was in effect and the Plaintiffs had performed all conditions precedent with respect to the filing of the insurance claims made the basis of this suit.

12. After filing the insurance claims, Anthem Blue Cross denied the claims. Anthem Blue Cross's refusal to honor and pay the covered claims constitutes a breach of the agreement, as that term is defined and applied under the laws and statutes of the State of Texas.

13. Anthem Blue Cross's breach has caused Plaintiffs to incur damages. Accordingly, suit is brought for the recovery of those damages plus reasonable attorney's fees pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE, § 38.001, et seq.

## VI.

### VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT AND THE TEXAS INSURANCE CODE. ART. 541

14. Plaintiffs incorporate paragraphs 5 through 13, as hereinabove alleged.

15. At all times material to this cause, Plaintiffs have standing as a "consumer" under the terms of both the DECEPTIVE TRADE PRACTICES ACT(DTPA) and ART. 541 of the TEXAS INSURANCE CODE.

16. The DTPA and ART. 541 of the TEXAS INSURANCE CODE "...shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against false, misleading, and deceptive business practices...." In that regard, Anthem Blue Cross has been guilty of the following false, misleading and/or deceptive acts or practices with respect to the handling and denial of the claims:

a. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

c. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

d. Misrepresenting an insurance policy by making an untrue statement of material fact, failing to state a material fact, making a statement in such a manner as to mislead, making a material statement of law or failing to disclose any matter required by law to be disclosed; and

e. Causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services.

Each of the above and foregoing "laundry list" of violations by Anthem Blue Cross constitutes actionable conduct by Anthem Blue Cross in violation of the DTPA and ART. 541 of the TEXAS INSURANCE CODE for which Plaintiffs bring suit in this case.

17. The Texas Insurance Board has also adopted rules and regulations which prohibit unfair practices and misrepresentation of insurance policies. Violations of these rules and regulations also provide bases for causes of action pursuant to Art. 541. When this case is tried, the evidence will also show that Anthem Blue Cross has violated the following rules and regulations of the Board by:

a. Misrepresenting the pertinent facts or policy provisions relating to coverages;

b. Not attempting in good faith to effectuate prompt, fair settlement of claims submitted in which liability has become reasonably clear;

    c.    Failing to adopt and implement reasonable standards for prompt investigation of claims;

    d.    Refusing to pay claims without conducting a reasonable investigation based upon all available information.

All of the above-referenced violations of the Insurance Board rules and regulations also constitute false, misleading, or deceptive acts or practices in the conduct of insurance by Anthem Blue Cross in this case and are therefore actionable under both the TEXAS INSURANCE CODE and the DTPA, for which Plaintiffs bring suit in this case.

18.    All of the "laundry list" of violations of the DTPA, the TEXAS INSURANCE CODE and the Texas Board's rules and regulations were committed "knowingly" by Anthem Blue Cross, as that term is defined and applied under the laws and statutes of the State of Texas. Anthem Blue Cross has intentionally and knowingly failed to pay Plaintiffs' claims in accordance with the terms of the insurance agreement.

19.    As a direct and proximate result of Anthem Blue Cross's violation of the DTPA, the TEXAS INSURANCE CODE, and the Texas Board's rules and regulations, Plaintiffs have suffered actual damages, including mental anguish, for which they bring suit. Since Anthem Blue Cross acted intentionally and knowingly in committing one or more of the violations of the DTPA and ART. 541 of the TEXAS INSURANCE CODE, Anthem Blue Cross is liable for three times the actual damages, for which they also bring suit. Further, suit is also brought for the recovery of the Plaintiffs' attorney's fees pursuant to the applicable provisions of the DTPA and ART. 541 of the TEXAS INSURANCE CODE.

## VII.

## VIOLATION OF ART. 542 OF THE TEXAS INSURANCE CODE

20. Plaintiffs incorporate paragraphs 5 through 19, as hereinabove alleged.

21. Anthem Blue Cross also violated Article 542 of the TEXAS INSURANCE CODE by failing to comply with the prompt payment requirements of the Code. Plaintiffs have confirmed that Sundance had timely notified Anthem Blue Cross of their claims, and the requisite and prescribed time period passed without acknowledgment and/or payment of the claims. Therefore, Anthem Blue Cross has violated that particular section of the TEXAS INSURANCE CODE, entitling Plaintiffs to recover not only the amount of the claims, but in addition, the sum of eighteen percent (18%) per annum of the amount payable, together with the reasonable attorney's fees which they have incurred with regard to legal representation in this action against Anthem Blue Cross, for which suit is also brought.

## VIII.

## ANTHEM BLUE CROSS'S NEGLIGENCE AND BREACH OF ITS DUTY OF GOOD FAITH AND FAIR DEALING

22. Plaintiffs incorporate paragraphs 5 through 21, as hereinabove alleged.

23. By virtue of the fact that the relationship between Plaintiffs and Anthem Blue Cross is that of insured and insurer, Texas law recognizes that Anthem Blue Cross owes them the duty of good faith and fair dealing in connection with the insured and insurer relationship. Anthem Blue Cross has knowingly breached this duty of good faith and fair dealing, and has acted in "bad faith" as those terms are defined, understood and applied under the laws and statutes of the State of Texas.

24. Further, the evidence will show upon the trial of this case that Anthem Blue Cross was negligent in its investigation and handling of Plaintiffs' claims, and that such negligence proximately caused their resulting injuries and damages.

25. By reason of Anthem Blue Cross's violation of the common law duties of good faith and fair dealing, as well as Anthem Blue Cross's negligence, Plaintiffs have suffered actual damages for which they bring suit. Further, since Anthem Blue Cross's breach of duty of good faith and fair dealing arises out of Anthem Blue Cross's failure to timely pay the claim, Plaintiffs are also entitled to recover from Anthem Blue Cross their attorney's fees, for which they also bring suit.

## IX.

## PUNITIVE DAMAGES

26. Plaintiffs incorporate paragraphs 5 through 25, as hereinabove alleged.

27. As set forth in this petition, Anthem Blue Cross's acts in denying the claims were committed negligently, willfully, intentionally, knowingly, and/or maliciously, as those terms are defined and applied under the laws and statutes of the State of Texas. Because of that fact, when this case is tried, Plaintiffs will seek the recovery of punitive or exemplary damages in a sum to be awarded in the sole discretion of the trier of fact for which recovery is also sought against Anthem Blue Cross in this case. By this, Plaintiffs do not seek the recovery of punitive damages that in any way exceeds the pertinent laws and statutes of the State of Texas, but only for that sum which has been found to be constitutionally recoverable pursuant to the laws and statutes of the State of Texas for which recovery is sought specifically in this case.

## X.

## ATTORNEY'S FEES

28. As set forth earlier in this pleading, Anthem Blue Cross is liable for the Plaintiffs' attorney's fees with respect to its breach of its contract, its violation of the DTPA, its violation of the TEXAS INSURANCE CODE and by virtue of its violation of its common law of good faith and fair dealing with respect to the denial of the claims. Plaintiffs therefore specifically also seek the recovery of those attorney's fees in a manner that will be submitted to the trier of fact that will include all of the requisite elements for the recovery of those fees.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein and that upon a trial of this case that they recover and have judgment against the Defendant for the actual and punitive damages, attorney's fees, eighteen percent (18%) statutory penalty interest, pre-judgment and post-judgment interest at the legal rate, and costs of court, and such other and further relief to which they are entitled under the facts and circumstances.

Respectfully submitted,

HILL & FINKEL, L.L.P.

_____
W. Bradford Hill, Jr.
SBN: 09656200
602 Sawyer, Suite 450
Houston, Texas 77007
Telephone: 713.654.4004
Facsimile: 713.654.4028
Email: bhill@hillfinkel.com

ATTORNEY FOR PLAINTIFFS