UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DAVID SILVAS and §<br>SANDRA SILVAS, Individually and §<br>As Next Friend of DYLAN SILVAS §<br>and DYLAN SILVAS, Individually §<br>§<br>v. §<br>§<br>ANTHEM BLUE CROSS LIFE & §<br>HEALTH INSURANCE CO. and §<br>BLUE CROSS OF CALIFORNIA d/b/a §<br>ANTHEM BLUE CROSS § | CASE NO. 4:15-CV-3249 |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, DAVID SILVAS and SANDRA SILVAS, Individually and as Next Friend of Dylan Silvas and DYLAN SILVAS, Individually (hereinafter referred to as "Plaintiffs") and file this their First Amended Petition against ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE CO. and BLUE CROSS OF CALIFORNIA d/b/a ANTHEM BLUE CROSS (hereinafter referred to as "Anthem Blue Cross" and/or "Defendants"), and for cause of action would respectfully show unto the Court as follows:

1. Plaintiffs reside in Harris County, Texas.

2. Defendant ANTHEM BLUE CROSS LIFE & HEALTH INSURANCE CO. is a health insurance company doing business in the State of Texas by providing health care coverage and administrative services to residents of this state. Defendant has appeared and no further service is necessary at this time.

3.     Defendant BLUE CROSS OF CALIFORNIA d/b/a ANTHEM BLUE CROSS is a health insurance administrator doing business in the State of Texas by providing health care coverage and services to residents of this state. Defendant may be served with process by serving its registered agent, CT Corporation System, 818 West Seventh St., Los Angeles, California 90017.

4.     This court has federal question jurisdiction over the parties and the subject matter of this dispute because it is a claim brought pursuant to the terms of the Employee Retirement Income Security Act (ERISA) 29 U.S.C. § 1001-1461 (1974), which provides that the District Courts shall have exclusive, or concurrent jurisdiction of actions brought under 29 U.S.C. § 1132(a)(1)(B).

5.     Any time it is alleged in this pleading that a Defendant did an act or failed to do any act or thing, it is meant that its authorized, apparent or ostensible agents, employees or representatives did such act or failed to do such act or thing, thereby making Defendant vicariously liable.

6.     Venue is proper in the United States District Court for the Southern District of Texas pursuant to 29 U.S.C. § 1132(e)(2), in that the plan in question was adjusted here, the alleged breach took place here, and the Defendants do business here.

7.     David Silvas is the policy holder of a medical plan issued by Defendants through his employer. Dylan Silvas is the son of David Silvas and is listed on the medical plan issued by Defendant as a covered dependent.

8.     Beginning in January 2013 through May 2013, Plaintiff Dylan Silvas became depressed, withdrawn, aggressive towards his parents, showing signs of destructive behavior, having anxiety attacks and failing in school. David and Sandra Silvas searched for answers for their son and found Sundance Canyon Academy ("Sundance") in Utah. After visiting Sundance, Plaintiffs came to the conclusion that this was the best place for Dylan Silvas to receive the care and treatment that

he needed. Sundance had therapists and counselors that could help Dylan Silvas with the issues that he was dealing with and teach him how to manage his anger and overcome his anxiety and depression. Sundance was an inpatient treatment center. On or about June 30, 2013, Dylan Silvas, a minor, was admitted to Sundance.

9. Claims were submitted from Sundance to Defendants from July 1, 2013 thru May 31, 2014. All of the claims during this time frame were approved and paid by Defendants, except for three claims: October 1-15, 2013, April 1-15, 2014 and April 16-30, 2014. These claims were each in the amount of $7,500.00 and represented the cost of treatment and services identical to those which were approved on every other occasion. Plaintiffs have paid these claims to Sundance. These three claims were denied without explanation, other than "not medically necessary". The claim of April 16-30, 2014 was originally paid on June 13, 2015 (more than a year later). On July 24, 2015 (more than thirty days after the payment was made to Plaintiffs), an explanation of benefit was sent to Plaintiffs from Anthem Blue Cross advising that the claim was paid in error along with a letter requesting that the money be refunded back to Anthem Blue Cross. Anthem Blue Cross has since turned this claim over to a collection agency demanding the money be refunded.

10. During the time frame of July 1, 2013 through the April, 2014, Dylan Silvas gradually improved, but was not ready to be sent home. Dylan Silvas returned home on May 31, 2014. Medical records and statements from his therapists and counselors were provided to Anthem Blue Cross on multiple occasions confirming his need for medical care. Anthem Blue Cross on multiple occasions claimed that they had not received the records or statements from Sundance, even though there were multiple confirmations that they had in fact received the requested documents. Numerous phone calls were made to Anthem Blue Cross regarding these claims and each time Plaintiffs were given different instructions on how to get the claims paid, but again and again the claims were denied

**without explanation.** Plaintiffs also filed an appeal and a second appeal on the above three claims, but they were again denied, again **without explanation.**

11. There was and is no justifiable basis for Defendants' denial of payment for these claims, when all other identical claims from July 1, 2013 through May 31, 2014 were paid.

12. The claims made the subject of this dispute are governed by an employee welfare benefit plan(s), as that term is defined in 29 U.S.C. § 1002(1) and same are being provided and administered by the Defendants. As such, the provisions of the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* (hereinafter referred to as "ERISA"), control the claims for benefits made by Plaintiffs as plan participants or beneficiaries of the alleged ERISA welfare benefit plan, and Plaintiffs are making a claim for benefits under the aforementioned ERISA Plan. Plaintiffs bring this cause of action pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover benefits due to them pursuant to the terms of the aforesaid employee welfare benefit plan administered and provided by Defendants for the care and treatment provided to Plaintiffs.

13. Plaintiffs will show that it was necessary for it them to retain the services of W. Bradford Hill, Jr. P.C., to prepare and prosecute this cause of action.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs requests that on final trial, Plaintiffs have judgment against Defendant for the following:

1. Plaintiff's actual damages in the total amount of $22,500.00

2. Pre-judgment interest on all damages at the highest legal rate;

3. Reasonable attorney's fees through trial and all levels of appeal;

4. All costs of Court'

5. Post judgment interest at the highest legal rate; and

6.      Such other and further relief, general or special, legal or equitable, to which Plaintiffs are justly entitled.

Respectfully submitted,

HILL & FINKEL, L.L.P.

By: _s/ W. Bradford Hill, Jr._
W. Bradford Hill, Jr.
Federal ID: 2210
602 Sawyer, Ste. 450
Houston, Texas 77007
Telephone: 713-654-4004
Facsimile: 713-654-4028

ATTORNEY-IN-CHARGE FOR PLAINTIFFS DAVID SILVAS AND SANDRA SILVAS, INDIVIDUALLY AND AS NEXT FRIEND OF DYLAN SILVAS AND DYLAN SILVAS, INDIVIDUALLY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs' First Amended Petition was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this the 23rd day of November, 2015.

_s/ W. Bradford Hill, Jr._
W. Bradford Hill, Jr.